IN RE ADOPTION OF HARRIET CARLSON.
RAYMOND I. FOUTS ET AL., APPELLEES, V. HARRY CARLSON, APPELLANT.
289 N. W. 764

FILED JANUARY 5, 1940. No. 30665.

*George W. Leamer* and *A. W. Johnson,* for appellant.

*Malcolm R. Smith, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from a decree of adoption entered by the district court for Dakota county. Harry Carlson, the father of the child, appeals.

The record discloses that the child involved in these proceedings, Harriet Carlson, was born on May 14, 1926. In the spring of 1929 Carlson's wife left him, and in the divorce proceeding which followed, the custody of Harriet and two younger children was given to the father. At the time of the separation, however, Harriet was placed in the care of the petitioners, Raymond and Goldie Fouts. The two younger children were placed with another family and have never since been in the actual custody of the father.

It appears from the evidence that Goldie Fouts is an aunt of Harry Carlson, the father of Harriet. From the time that Harriet Carlson was placed in care of Raymond and Goldie Fouts until the filing of the petition for adoption on September 9, 1936, she has been cared for and treated as a daughter by them. The father, during this period, never contributed to the child's support, never communicated with the child, and after the first year or two never saw the child until he attended his grandmother's funeral on June 10, 1936. It is shown that the father, during the five years immediately before the trial of this suit in the district court, was amply able to contribute to the child's support had he cared to do so. It is not disputed in the record that the child had been properly clothed, fed and cared for by the petitioners. The child had also become greatly attached to the applicants and the applicants had likewise become much attached to the child. That the applicants are proper persons to have the care and control of a child of tender years is satisfactorily established by the evidence. The petition to adopt was filed on September 9, 1936. The mother of the child, Rene Carlson Nelson, filed a relinquishment and consent to the adoption of the child by the petitioners. The father, Harry Carlson, never consented to the adoption of the child and filed objections thereto. The question to be determined is whether the court, under the facts herein set out, may properly enter a decree of adoption without a relinquishment and consent to adoption by the father.

The portion of the statute applicable is as follows: "Any one of the following classes of persons may relinquish the custody and control of a minor child and consent to its adoption in the manner hereinafter prescribed, to wit: * * * Sixth. Any person, corporation or association that shall have had the lawful custody or control of any minor child for the period of six months last preceding, for the support of which neither parent shall without just cause or fault have contributed anything whatever during such period, may consent to its adoption." Comp. St. 1929, sec. 43-102.

The effect of the foregoing provision is to provide that complete abandonment of a child for a period of six months by the parents will warrant the adoption of such child by a person who has had the lawful custody or control of it for a like period of time without procuring a relinquishment and consent to adoption from the parents. Whether or not there has been an abandonment is a question of fact which must be determined by the evidence. It cannot be questioned that our adoption statute is primarily based on the consent of parents, if living and accessible, and an adoption without such consent must come clearly within the exception contained in the statute. *Tiffany v. Wright*, 79 Neb. 10, 112 N. W. 311. But we think the evidence in the instant case brings it within the exception hereinbefore quoted. For more than seven years the father made no effort to support, care for or look after the best interests of his child, athough he admits his ability to do so during the last five years of the period. He has permitted the full responsibility for the maintenance and care of this child to fall upon these petitioners. He has permitted a relationship to grow between the child and petitioners that any court would hesitate to disturb. The father has become a stranger to his daughter because of his failure to carry out the legal and moral duties which he owed to her. He has remarried and has a child by the second wife. He has made no provision for his other children and they have not been brought back to his home. We are convinced that the trial court was justified in finding that the conduct and actions of the father are sufficient to establish an abandonment of the child on his part. The evidence shows conduct on the part of the father which evidences a settled purpose to forego all parental duties and relinquish all parental claims to his child. This, in our opinion, imports an abandonment of the child and brings the case within the section of the statute quoted. *Winans v. Luppie*, 47 N. J. Eq. 302, 20 Atl. 969.

We conclude that the decree of adoption was properly entered.

AFFIRMED.