IN RE GRAND JURY OF DOUGLAS COUNTY.
JAMES S. JANSEN, APPELLANT, V. HONORABLE MARY G. LIKES, JUDGE, DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA, APPELLEE.

644 N.W.2d 858

Filed May 31, 2002.   No. S-00-1272.

James S. Jansen, Douglas County Attorney, pro se.

Sean J. Brennan, of Brennan & Nielsen Law Office, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Douglas County Attorney James S. Jansen (County Attorney) filed a motion in district court requesting the release of the minutes, transcript, and exhibits of a Douglas County grand jury that had been convened to review the circumstances surrounding the death of a person who died while being apprehended by law enforcement personnel. The district court denied the request, and the County Attorney appeals.

## SCOPE OF REVIEW

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913 (2002).

## FACTS

On July 19, 2000, George D. Bibins died while being apprehended by Omaha police. The County Attorney certified to the district court that the cause of death was a single penetrating gunshot wound. Pursuant to Neb. Rev. Stat. § 29-1401 (Cum. Supp. 2000), the court directed that a grand jury be convened to review the circumstances surrounding the death. The court appointed a special prosecutor and an assistant special prosecutor, in accordance with § 29-1401(4)(b).

On July 26, 2000, the County Attorney filed charges of manslaughter and use of a firearm to commit a felony against Omaha police officer Jerad Kruse in connection with Bibins' death. A preliminary hearing was scheduled for August 18. However, on August 16, the special prosecutors filed a petition for a writ of mandamus directing the County Attorney to dismiss the charges against Kruse. The special prosecutors claimed that under § 29-1401(4)(b), they had exclusive authority to investigate and pursue criminal charges in cases arising out of the death of a person in police custody or while being apprehended by police. They alleged that the specific nature of § 29-1401(4)(b) overrides the general authority granted to the County Attorney

under Neb. Rev. Stat. § 23-1201 (Reissue 1997). The County Attorney demurred to the mandamus action, alleging that the mandamus petition sought to prevent him from performing a discretionary duty.

The special prosecutors also sought injunctive relief to prevent the County Attorney from presenting and publishing evidence at a preliminary hearing. They alleged the preliminary hearing could prevent the impaneling of a fair and impartial grand jury and impair the integrity of the grand jury process. The district court granted the special prosecutors' request for a temporary injunction on August 17, 2000. On August 18, the Douglas County Court dismissed the manslaughter and firearm charges against Kruse over the County Attorney's objection.

The grand jury commenced hearing evidence on August 24, 2000, and on September 1, it returned a "no true bill," which indicated that at least 12 of the 16 grand jurors found no probable cause to believe that a crime had been committed. The special prosecutors then filed a motion to dismiss the petition for writ of mandamus, and the district court dissolved the temporary injunction.

On September 14, 2000, the County Attorney requested that the district court release the grand jury minutes, transcript, and exhibits. He claimed that he was legally and ethically constrained from refiling charges against Kruse unless he could demonstrate the existence of relevant additional evidence not considered by the grand jury. He asserted that he needed to review the grand jury documents in order to determine if there was additional evidence not disclosed in his investigative reports. He requested a protective order which would prevent anyone other than the County Attorney from seeing or revealing the contents of the grand jury records.

At a hearing on the motion, the County Attorney argued that in order to make an informed decision about the facts of the case, he could not assume that the witnesses who appeared before the grand jury and the evidence presented to the grand jury were the same as that which he had previously reviewed. He expressed that he found himself "in a very precarious situation in terms of coming to one conclusion based on my review of the reports, and then a fact finding body who is charged with the

responsibilities of determining probable cause comes to a different conclusion." He claimed that in order to refile the charges, he must be able to show additional relevant evidence that was not previously submitted to the grand jury and that to do so, he needed to review the grand jury's records.

Since state law does not expressly provide for the review of grand jury testimony, the County Attorney referred the district court to Fed. R. Crim. P. 6(e), which provides three exceptions to the general rule of secrecy regarding grand jury proceedings. One exception allows for the disclosure of materials presented to the grand jury to attorneys for the government for use in the performance of their duties. The County Attorney has suggested that his authority to file criminal charges is a performance of his duties.

The special prosecutors objected to release of the grand jury's records, asserting that state law governing grand juries, Neb. Rev. Stat. § 29-1401 et seq. (Reissue 1995 & Cum. Supp. 2000), does not permit the release of such information. They claimed that the County Attorney had access to all of the information made available to the special prosecutors from the same sources and that the County Attorney had not demonstrated a legal and compelling reason for the district court to release the information. The County Attorney denied he had access to all the information made available to the special prosecutors because they had their own team of investigators who conducted an independent investigation.

The district court refused to release the grand jury records. It found that the State had failed to show the court a particularized need for the documents. The court noted that the U.S. Supreme Court has delineated a long-established policy of secrecy regarding disclosure of grand jury proceedings. Under rule 6(e), parties seeking grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. The showing is required even when the grand jury has concluded its operations, because disclosure may impact future grand jury proceedings. See *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979).

The district court stated that the County Attorney had resources at his disposal too numerous to list, including deputy county attorneys; hundreds of investigators in the Omaha Police Department; technical assistance, locally and nationally; and various criminal investigation agencies. It concluded that with his vast resources, the County Attorney should be able to conduct an investigation as thorough as that conducted by the special prosecutors, who had time constraints and limited resources. The court rejected the County Attorney's argument that the requested material was needed to avoid a possible injustice in another proceeding.

The district court found that after the grand jury returned a no true bill, the County Attorney was free to continue the initial investigation because the constraints of the laws governing grand juries were moot at that point. It concluded that the County Attorney's articulated need was insubstantial and did not meet the burden dictated in case law. The County Attorney appeals from the court's refusal to release the grand jury records. There was no request to advance this appeal.

## ASSIGNMENTS OF ERROR

The County Attorney assigns three errors, which we have summarized as follows: (1) The district court erred in finding that disclosure of the grand jury materials was not appropriate, even though the County Attorney showed that release of such materials will not damage the integrity of the grand jury or its interests in secrecy; (2) the court erred in finding that disclosure of the grand jury materials was unnecessary because the County Attorney had not shown a particularized need that would outweigh the inherent secrecy required in grand jury proceedings; and (3) the court erred in finding that the County Attorney had not shown a particularized need for the requested grand jury materials.

## ANALYSIS

The County Attorney's request for release of the minutes, transcript, and exhibits of the grand jury convened pursuant to § 29-1401 appears to be an issue of first impression in Nebraska. Section 29-1401 provides in relevant part:

(4) District courts shall call a grand jury in each case upon certification by the county coroner or coroner's physician that a person has died while being apprehended by or

while in the custody of a law enforcement officer or detention personnel. In each case subject to this subsection:

. . . .

(b) Except as provided in subdivision (d) of this subsection, as soon as practicable, the court shall appoint a special prosecutor who has had at least five years experience in criminal litigation, including felony litigation. The special prosecutor shall select a team of three peace officers, trained to investigate homicides, from jurisdictions outside the jurisdiction where the death occurred. The team shall examine all evidence concerning the cause of death and present the findings of its investigation to the special prosecutor;

(c) A grand jury shall be impaneled within thirty days after the certification by the county coroner or coroner's physician, unless the court extends such time period upon the showing of a compelling reason . . . .

Thus, when a person dies while being apprehended by or while in the custody of a law enforcement officer or detention personnel, the district court is required to call a grand jury and appoint a special prosecutor. This statutory scheme removes the county attorney from the process. The case is investigated by law enforcement officers from outside the jurisdiction who are chosen by the special prosecutor, and the investigation must be completed within 30 days after the death.

Generally, a county attorney conducts grand jury investigations and therefore is fully informed concerning the evidence and testimony presented to the grand jury. If an indictment is returned, an information may be filed. However, because § 29-1401(4) requires a special prosecutor in specific cases, the county attorney has no access to the grand jury information.

This legislation requires us to determine whether following the return of a no true bill by the grand jury, a county attorney may be given access to the records, evidence, and testimony adduced at the grand jury hearing.

Section 29-1420 provides:

(1) The report of the grand jury shall not be made public except when the report is filed, including indictments, or when required by statute or except that all of the report or a portion thereof may be released if the judge of the district

court finds that such a release will exonerate a person or persons who have requested such a release.

(2) A district judge under whose direction a grand jury has been impaneled may, upon good cause shown, transfer to a court of competent jurisdiction in another county or jurisdiction any evidence gathered by the grand jury that offenses have been committed in such other county or jurisdiction.

Our review of the statutes governing grand juries reveals only limited access to grand jury records. Section 29-1407.01 provides in part: "No release or destruction of the notes or transcripts shall occur without prior court approval." However, this section does not describe the circumstances under which the release may occur. Section 29-1407.01(2) allows a witness to be furnished with a transcript of his or her own grand jury testimony, or minutes, reports, or exhibits relating thereto "for good cause." Under § 29-1420(2), a district judge, upon good cause shown, may transfer to a court of another county or jurisdiction evidence gathered by a grand jury regarding offenses that may have been committed in another county or jurisdiction. Good cause appears to be the criteria for the release of certain grand jury records, but the case at bar does not present any of the situations described above.

Although the Nebraska Legislature has enacted statutes regarding grand juries, it has not provided for disclosure of grand jury materials except as previously described. Section 29-1420 allows for the release of a grand jury report, but as the special prosecutors note, this grand jury did not prepare a report, but, rather, returned a no true bill and nothing more.

The district court applied the standard used by federal courts to determine that the County Attorney had not demonstrated " 'a particularized need' " for the grand jury documents. See *Pittsburgh Plate Glass Co. v. U.S.*, 360 U.S. 395, 400, 79 S. Ct. 1237, 3 L. Ed. 2d 1323 (1959). The County Attorney urges this court to rely on rule 6(e) in order to determine that the grand jury records should be released to him. Rule 6(e) provides that no proceedings of a grand jury may be disclosed except in certain instances, such as for a government attorney to use in the performance of the attorney's duty. The County

Attorney suggests that the grand jury records may be disclosed to him based on this rule.

In the federal system, the sole method of bringing felony criminal charges against an individual is by a grand jury indictment. In Nebraska, a county attorney may bring charges by filing a complaint or information. A county attorney may proceed by or independently of a grand jury proceeding. See § 29-1402. In the instant case, the County Attorney had proceeded independently of the grand jury until the district court issued the temporary injunction.

■ One of the general principles of grand juries is that their hearings are not open to the public. It has long been the policy of courts which employ grand juries to maintain the secrecy of their proceedings. See *United States v. Procter & Gamble*, 356 U.S. 677, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). Secrecy has been held to be vital "to encourage all witnesses to step forward and testify freely without fear of retaliation." *Procter & Gamble*, 356 U.S. at 682. "The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *Id.*

In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979), the U.S. Supreme Court reiterated that the proper functioning of the grand jury system depended upon the secrecy of grand jury proceedings and that for such reasons, courts have been reluctant to unnecessarily lift the veil of secrecy from the grand jury. The Court set forth standards for determining when the traditional secrecy of the grand jury may be broken: The material sought is needed to avoid a possible injustice in another judicial proceeding, the need for disclosure is greater than the need for continued secrecy, and the request is structured to cover only material so needed.

We conclude that the arguments advanced by the County Attorney for obtaining the grand jury records are not persuasive. The failure of the grand jury to return an indictment does not prevent the County Attorney from proceeding independently. It is not necessary to convene a second grand jury, but, rather, the County Attorney may proceed by filing a complaint or information in the district court.

Courts must consider not only any immediate effects upon a grand jury if its proceedings are disclosed, but they must consider the possible effect upon future grand juries.

> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil Co.*, 441 U.S. at 222.

The County Attorney's request for release of the grand jury documents presents a question of law, which we resolve independently of the conclusion reached by the trial court. See *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913 (2002). We conclude that the district court did not err in denying the County Attorney's request.

We also address whether the district court, at the request of a special prosecutor, may enjoin a county attorney from proceeding with a separate preliminary hearing during the time that the grand jury is proceeding on the same matter. In the case at bar, the district court enjoined the County Attorney from presenting and publishing evidence at a preliminary hearing because the special prosecutors alleged such action would prevent the impaneling of a fair and impartial grand jury and impair the integrity of the grand jury process. As a result of the injunction, the county court dismissed the criminal charges against Kruse over the County Attorney's objection because the State was not able to present evidence at the preliminary hearing.

■ Because of the importance of this issue, we note plain error in the entry of the temporary injunction. Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage

to the integrity, reputation, and fairness of the judicial process. *State v. Davlin, ante* p. 283, 639 N.W.2d 631 (2002).

Section 29-1402 provides: "The convening of a grand jury shall in no way limit the right of prosecution on information or complaint during the time the grand jury is in session." In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Henery v. City of Omaha, ante* p. 700, 641 N.W.2d 644 (2002).

The purpose of § 29-1401(4) is to provide for an independent investigation when an individual dies while in custody or being apprehended. We find nothing in the law that permits a special prosecutor to ask a court to enjoin the activity of a county attorney who has elected to proceed with a complaint or an information simultaneously with the grand jury investigation. We note that § 29-1416 prohibits a subsequent grand jury inquiry "into the same transaction or events . . . unless the court finds, upon a proper showing by the prosecuting attorney, that the prosecuting attorney has discovered additional evidence relevant to such inquiry." That situation is not before us. Therefore, we conclude that it was plain error for the district court to issue a temporary injunction limiting the right of the prosecution to proceed on information or complaint against a criminal defendant during the time the grand jury was in session.

## CONCLUSION

The district court did not err in denying the County Attorney's motion for release of the grand jury documents. However, we note plain error in the district court's entry of the temporary injunction which prevented the County Attorney from presenting evidence at the preliminary hearing and from proceeding on information or complaint against a criminal defendant during the time the grand jury was in session. The judgment of the district court is affirmed.

AFFIRMED.