IN RE GRAND JURY OF LANCASTER COUNTY.
STATE OF NEBRASKA, APPELLEE, V. LANCASTER COUNTY
DISTRICT COURT, APPELLEE, AND CELIA MILWOOD,
FORMERLY KNOWN AS CELIA SHEPPARD, APPELLANT.
693 N.W.2d 285

Filed March 11, 2005. No. S-04-587.

Kirk E. Naylor, Jr., for appellant.

Joseph P. Kelly, Chief Deputy Lancaster County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

On March 10, 2004, the State of Nebraska, through the Lancaster County Attorney, filed a motion requesting that the district court for Lancaster County release certain grand jury testimony originally presented in March 1990 to the county attorney and the Lincoln Police Department. The testimony requested was that of the appellant, Celia Milwood, formerly known as Celia Sheppard. The grand jury had been convened to investigate the circumstances surrounding the October 19, 1986, death of Bruce Sheppard, Milwood's deceased husband. An evidentiary hearing was conducted on the State's motion seeking release of Milwood's grand jury testimony. Relying on several exceptions to the secrecy of grand jury proceedings found in the Federal Rules of Criminal Procedure, on April 12, 2004, the district court sustained the State's motion with certain conditions. Milwood appeals from the district court's order.

We conclude that the district court's reliance on the Federal Rules of Criminal Procedure was error. Further, because the Nebraska Legislature has provided for the judicial release of grand jury materials in only limited circumstances, and the case at bar does not present a situation for which release is authorized, we conclude the district court erred as a matter of law when it granted the motion seeking release of Milwood's grand jury testimony. We reverse.

## STATEMENT OF FACTS

On October 19, 1986, Sheppard died in his bedroom in Lincoln, Nebraska, of a single gunshot wound to the head. The only other person known to be present in Sheppard's home at the time of his death was his wife, Milwood. During the police investigation of Sheppard's death, Milwood told the police in an unsworn statement that she was in the kitchen when she heard a gunshot. She told investigators she went into the bedroom and found Sheppard on the bed with a gun in his hand. She stated that she took the gun out of his hand and then called police.

The police initially determined that Sheppard had committed suicide. Later, his death certificate was changed to read "undetermined cause." In March 1990, a grand jury was convened in

Lancaster County to determine whether any person committed a crime in connection with Sheppard's death. Milwood testified before the grand jury. The grand jury returned a "no true bill," which this court recently indicated means that at least 12 of the 16 grand jurors found no probable cause to believe that a crime had been committed. See *In re Grand Jury of Douglas Cty.*, 263 Neb. 981, 644 N.W.2d 858 (2002). See, also, Neb. Rev. Stat. § 25-1633 (Cum. Supp. 2004); Neb. Rev. Stat. §§ 29-1406(2)(e) and 29-1416 (Reissue 1995). The police department's file on Sheppard's death was closed.

In June 1990, Milwood gave deposition testimony in a civil case. In her deposition, she stated that she was in the bedroom with Sheppard when she saw him place the gun to his head. She stated that she grabbed the gun and that the gun went off.

Some time in 2003, Sheppard's sister contacted the Lincoln Police Department, requesting that the department reopen its investigation into Sheppard's death, based upon what she felt were inconsistencies between Milwood's statement to the police at the time of Sheppard's death and Milwood's later deposition testimony. Gregory Sorensen, a Lincoln police officer, reviewed the police file and the deposition testimony and concluded there was a significant discrepancy between the two statements.

Based upon this discrepancy and other information in the police file, Sorensen sought access to Milwood's grand jury testimony. On January 27, 2004, the county attorney's office filed an ex parte "Motion to Make Certain Records Available," seeking to have Milwood's grand jury testimony read to Sorensen as part of his investigation into Sheppard's death. The motion was denied without prejudice.

On March 10, 2004, the county attorney's office filed a second motion seeking the release of Milwood's testimony. This second motion came on for an evidentiary hearing on April 7. The county attorney and counsel for Milwood appeared. Sorensen was the sole witness to testify at the hearing.

According to Sorensen's testimony, Sorensen wanted to review Milwood's grand jury testimony

> to see how [she] testified before the grand jury. If she testified before the grand jury differently than what she testified in her deposition, obviously she must have perjured herself

at one place or the other, either in [March] 1990 or when she gave the deposition . . . .

At this point in time, there's definitely two different stories, and I'm wondering which one the grand jury heard. And, if the grand jury heard the initial story where she was in the kitchen when the gunshot went off, as opposed to the grand jury [having heard] that she was in the bedroom at the time the gun went off, I think it could have a significant effect on how the grand jury may [have] decide[d] to rule on whether this death was in fact a homicide.

On April 12, 2004, the district court, relying on the Federal Rules of Criminal Procedure, entered an order permitting the release of Milwood's testimony under certain conditions, including the following:

1. The grand jury court reporter would read Milwood's testimony to Sorensen.

2. Milwood and/or her attorney could be present during the reading.

3. Milwood's testimony would be read only once.

4. Sorensen could take handwritten notes of the testimony. If he took notes, he was required to provide Milwood or her attorney with a copy of those notes. He could also give a copy of the notes to the county attorney. Sorensen could not make any other copies of the notes.

5. Sorensen was prohibited, absent written authorization from the court, from discussing Milwood's testimony with anyone other than the county attorney.

6. Other than as provided in the order, the grand jury court reporter was prohibited from disclosing Milwood's testimony.

7. The disclosure of Milwood's grand jury testimony was not to occur until 30 days after the date of the court's order. In the event of an appeal of the court's order, the disclosure was stayed pending the outcome of the appeal.

Milwood appeals the district court's order permitting the release of her grand jury testimony.

## ASSIGNMENT OF ERROR

On appeal, Milwood claims the district court erred in ordering the release of her testimony given before the Lancaster County grand jury in March 1990.

## STANDARDS OF REVIEW

■■■ The request for the release of grand jury testimony by the State, through the county attorney, presents a question of law. *In re Grand Jury of Douglas Cty.*, 263 Neb. 981, 644 N.W.2d 858 (2002). When reviewing a question of law, an appellate court resolves the question independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

*District Court's Reliance on Rule 6(e) of Federal Rules of Criminal Procedure Was Error.*

In its April 12, 2004, order, the district court acknowledged that "Nebraska's grand jury statutes allow only limited access to grand jury records, none of which applies [sic] to the instant case." Notwithstanding the strictures of the Nebraska statutes, the district court, in apparent reliance on *In re Grand Jury of Douglas Cty., supra*, proceeded to analyze the State's motion to release by reference to Fed. R. Crim. P. 6(e), which provides various exceptions, not recited here, to the general rule of secrecy regarding grand jury proceedings. The district court found that the request of the State related, inter alia, to whether there had been a violation of state criminal law and further found that "the interest in secrecy in this case is minimal." The district court concluded that release was proper under the exceptions found in rule 6(e) of the Federal Rules of Criminal Procedure.

On appeal, the State acknowledges that "there is not a Nebraska statute which expressly applies to this case to justify the release of the grand jury testimony of [Milwood]." Brief for appellee at 3. The State, however, asserts that the district court correctly decided the motion under federal standards.

On appeal, Milwood notes that "[t]he limited circumstances under which grand jury records may be released by the court are set forth by statute" and asserts that the district court's reliance on the Federal Rules of Criminal Procedure constituted error. Brief for appellant at 11. We agree with Milwood that Nebraska statutes do not provide for the release of her testimony under the facts of this case and that the district court's order granting the release stemming from its reliance on the Federal Rules of Criminal Procedure was error. Accordingly, we reverse.

The district court's order and the arguments of the parties indicate that both the district court and the State read our decision in *In re Grand Jury of Douglas Cty., supra,* as having adopted the various exceptions to secrecy embodied in rule 6(e) of the Federal Rules of Criminal Procedure. Contrary to this reading, our references in *In re Grand Jury of Douglas Cty.* to the Federal Rules of Criminal Procedure were limited to a recapitulation of the arguments of the parties in *In re Grand Jury of Douglas Cty.* and the district court's pronouncements in that case. Further, although we acknowledged the considerable differences between the federal and state methods of initiating criminal proceedings, we referred to federal authority in *In re Grand Jury of Douglas Cty.* not as an endorsement of rule 6(e) of the Federal Rules of Criminal Procedure, but, rather, as an expression of agreement with remarks in the federal cases extolling in general the virtues of the secrecy of grand jury proceedings. In view of the foregoing, the district court's reliance on the Federal Rules of Criminal Procedure in granting the release was error.

*Release of Milwood's Grand Jury Testimony Under Nebraska Statutes Is Error.*

■ To evaluate the propriety of the district court's order of April 12, 2004, our analysis must be made by reference to Nebraska statutes rather than to the Federal Rules of Criminal Procedure. Thus, we turn to the Nebraska statutes pertaining to grand jury proceedings to determine whether the release of the grand jury testimony can be made to the county attorney in this case when a no true bill was returned.

■ A review of the Nebraska statutes governing grand juries reveals only limited access to grand jury records. See Neb. Rev. Stat. § 29-1401 et seq. (Reissue 1995 & Cum. Supp. 2004). Section 29-1407.01(1) provides in part: "No release or destruction of the notes or transcripts [of grand jury proceedings] shall occur without prior court approval." Elsewhere in the statutes, the circumstances for "release" are indicated.

Section 29-1407.01(2) provides: "Upon application by the prosecutor, or by any witness after notice to the prosecutor, the court, for good cause, may enter an order to furnish to that witness a transcript of his or her own grand jury testimony, or minutes, reports, or exhibits relating thereto."

Section 29-1420(2) provides: "A district judge under whose direction a grand jury has been impaneled may, upon good cause shown, transfer to a court of competent jurisdiction in another county or jurisdiction any evidence gathered by the grand jury that offenses have been committed in such other county or jurisdiction."

For the sake of completeness, we note that release is addressed elsewhere in § 29-1420. Section 29-1420(1) describes the circumstances for the release of a grand jury report, but the grand jury in this case did not prepare a report, but, rather, returned a no true bill and nothing more. See, similarly, *In re Grand Jury of Douglas Cty.*, 263 Neb. 981, 644 N.W.2d 858 (2002). Thus, § 29-1420(1) is not applicable.

■ Given the foregoing statutes, it is clear that court approval for the release of grand jury proceedings when there has been a no true bill is limited by statute to witnesses and to other courts. See §§ 29-1407.01(2) and 29-1420(2). The instant case does not present either of the situations described above, and therefore, the release of Milwood's testimony to the county attorney was not consistent with Nebraska statutes and was error.

As indicated earlier in this opinion, the State urges this court to affirm the April 12, 2004, order of release because release would facilitate the investigation into the circumstances of Sheppard's death. We have recently observed that "[t]he failure of the grand jury to return an indictment does not prevent the County Attorney from proceeding independently." *In re Grand Jury of Douglas Cty.*, 263 Neb. at 988, 644 N.W.2d at 863. In this regard, we note that § 29-1402 provides that "[t]he convening of a grand jury shall in no way limit the right of prosecution on information or complaint during the time the grand jury is in session." Further, and more on point for present purposes, § 29-1416(2) provides:

> Once a grand jury has returned a no true bill based upon a transaction, set of transactions, event, or events, a grand jury inquiry into the same transaction or events shall not be initiated unless the court finds, upon a proper showing by the prosecuting attorney, that the prosecuting attorney has discovered additional evidence relevant to such inquiry.

The statutes clearly provide that although a no true bill was originally returned, upon the discovery of additional evidence

and a proper showing to the court, an additional grand jury inquiry can be initiated. The statutes do not evince an impediment to the continued investigation which the State seeks to pursue in this case. Given case law and the relevant statutory provisions, and notwithstanding the secrecy of grand jury proceedings generally, the ability of the office of the county attorney to pursue an investigation following the return of a no true bill is not prevented by Nebraska statutes.

The State's request for the release of Milwood's grand jury testimony presents a question of law, which we resolve independently of the conclusion reached by the district court. See *In re Grand Jury of Douglas Cty., supra.* Given our foregoing analysis, we conclude the district court erred in granting the State's request for the release of Milwood's grand jury testimony.

## CONCLUSION

Based on Nebraska statutes governing grand jury proceedings, we conclude that the district court erred in granting the release of Milwood's grand jury testimony to the county attorney. The judgment of the district court is reversed.

REVERSED.