Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/25/2019 09:13 AM CST

In re Grand Jury of Douglas County.
State of Nebraska, appellant, v. Douglas County
District Court et al., appellees.

___ N.W.2d ___

Filed January 25, 2019.    No. S-18-328.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Final Orders: Appeal and Error.** An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

4. **Actions: Statutes.** Special proceedings include every special civil statutory remedy not encompassed in chapter 25 of the Nebraska Revised Statutes which is not in itself an action.

5. ____: ____. Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special, within the ordinary meaning of the term "special proceeding."

6. **Jurisdiction.** A court has jurisdiction to issue orders on motions pertaining to incidental matters within the scope of the matter over which the court has jurisdiction.

7. **Final Orders: Appeal and Error.** In a special proceeding, an order is final and appealable if it affects a substantial right of the aggrieved party.

8. ____: ____. The inquiry of whether an order affects a substantial right focuses on whether the right at issue is substantial and whether the court's order has a substantial impact on that right.

9. ____: ____. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Appeal dismissed.

Douglas J. Peterson, Attorney General, Corey M. O'Brien, and Mariah Haffield, Senior Certified Law Student, for appellant.

Michael C. Cox and Daniel J. Fischer, of Koley Jessen, P.C., L.L.O., for appellees Omaha World-Herald and KETV Channel 7.

Michael P. Dowd, of Dowd & Corrigan, L.L.C., for amicus curiae Omaha Police Officers Association.

HEAVICAN, C.J., CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG JJ.

FUNKE, J.

The district court impaneled a grand jury to investigate the in-custody death of Zachary Bearheels. At the close of the evidence, the grand jury returned indictments against two police officers. The court then issued an order sua sponte to make the grand jury transcript publicly available, which prompted the State to file a motion to seal the grand jury documents. The court held a hearing and overruled the motion. We conclude that the order overruling the State's motion was made in a special proceeding but did not affect a substantial right. As a result, the district court's order was not a final, appealable order. The appeal is dismissed.

## BACKGROUND

On July 6, 2017, the Douglas County coroner certified to the Douglas County District Court that Bearheels "died while being apprehended by or while in the custody of a law

enforcement officer or detention personnel."[1] The district court called a grand jury and appointed a special prosecutor from the Nebraska Attorney General's office. The grand jury convened and returned "A True Bill," which indicated that at least 12 of the 16 grand jurors found probable cause to believe that a crime had been committed by the two police officers.[2]

On its own motion and without a hearing, pursuant to Neb. Rev. Stat. § 29-1407.01(2)(b) (Reissue 2016), the district court ordered that a transcript of the grand jury proceedings be prepared and made available for public review in the office of the clerk of district court. The following day, the special prosecutor filed a motion requesting that the grand jury documents not be publicly disclosed. The special prosecutor's motion maintained that public disclosure is appropriate only when the grand jury does not return an indictment, known as a "no true bill,"[3] and that disclosure of the transcript containing the testimony of 20 witnesses and 847 exhibits presented to the grand jury would undermine the pending criminal prosecutions of the two individuals who were indicted.

The court held a hearing on the matter. The special prosecutor appeared, as well as counsel for each police officer and counsel for the Omaha World-Herald and KETV Channel 7 (the media). The court heard arguments, received evidence, took the matter under advisement, and issued a written order in which it maintained its previous ruling based upon its interpretation of the plain and ordinary meaning of § 29-1407.01(2)(b), which provides:

> In the case of a grand jury impaneled pursuant to subsection (4) of section 29-1401, a transcript, including any exhibits of the grand jury proceedings, shall be prepared at court expense and shall be filed with the court where

---

[1] See Neb. Rev. Stat. § 29-1401(4) (Reissue 2016).

[2] See Neb. Rev. Stat. §§ 25-1633, 29-1406(2)(e), and 29-1416(1) (Reissue 2016).

[3] See § 29-1406(2)(g)(ii).

it shall be available for public review. Such transcript shall not include the names of grand jurors or their deliberations.

Based upon its understanding of the requirements of § 29-1407.01(2)(b), the court instructed the clerk to "upon a request, make a location available for the requesting individual to review said transcript and exhibits and complete said review within a reasonable time." The court's order did not allow for dissemination or photocopying of the transcript.

The special prosecutor argues on appeal that there is a lack of clarity regarding the mandate of public disclosure under § 29-1407.01(2)(b). The special prosecutor points to the Legislature's adoption of 2016 Neb. Laws, L.B. 1000, which amended § 29-1407.01(2)(b) to make grand jury transcripts available for public review for all in-custody deaths, and amended § 29-1406(2)(g), which makes a grand jury report and transcript for in-custody deaths publicly available when a grand jury returns no true bill. The special prosecutor argues that the Legislature intended to create transparency in a grand jury proceeding in which a police officer is exonerated, but did not anticipate that the grand jury transcript and exhibits would be made public when a true bill is returned and the indictment process is ongoing. The special prosecutor stated that the exhibits before the grand jury included investigative reports, autopsy and toxicology reports, photographs, and digital media. The special prosecutor acknowledged that it filed this appeal to protect the record and to provoke legislative change.

We moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this State.[4]

## ASSIGNMENTS OF ERROR

The special prosecutor assigns, restated, that the district court erred in interpreting § 29-1407.01(2)(b), and related

---

[4] See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2018).

statutes, to require that the grand jury transcript and exhibits be made publicly available. In particular, the special prosecutor argues that grand jury records should not be made public when the grand jury is impaneled pursuant to § 29-1401(4) and the grand jury returns a true bill.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[5]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] The threshold issue is whether the special prosecutor has appealed from a final, appealable order.

The parties point out that this court has, on three prior occasions, exercised appellate review over a district court order which concerned the release of grand jury documents.[7] However, our prior cases did not discuss a basis for appellate jurisdiction, and each case occurred prior to the passage of L.B. 1000 in 2016, which enacted § 29-1407.01(2)(b), the provision which prompted the court's action. This appeal therefore raises the novel issue of whether this court has appellate jurisdiction over a district court order which makes a grand jury transcript available for public review under the circumstances described within § 29-1407.01(2)(b). Our inquiry focuses on

---

[5] *Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018).

[6] *State v. Coble*, 299 Neb. 434, 908 N.W.2d 646 (2018).

[7] See, *In re Grand Jury of Lancaster Cty.*, 269 Neb. 436, 693 N.W.2d 285 (2005); *In re Grand Jury of Douglas Cty.*, 263 Neb. 981, 644 N.W.2d 858 (2002); *In re Grand Jury of Douglas Cty.*, 244 Neb. 798, 509 N.W.2d 212 (1993).

whether the order overruling the special prosecutor's motion in opposition to public disclosure of the grand jury transcript is a final, appealable order.

[3] Appellate jurisdiction turns on whether the order was a final order under Neb. Rev. Stat. § 25-1902 (Reissue 2016). An order is final for purposes of appeal under § 25-1902 if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[8]

As a matter of first impression, we conclude that a hearing on a motion concerning the public disclosure of grand jury documents under § 29-1407.01(2)(b) is a special proceeding.

[4,5] Special proceedings include every special civil statutory remedy not encompassed in chapter 25 of the Nebraska Revised Statutes which is not in itself an action.[9] An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment.[10] Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.[11] Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special, within the ordinary meaning of the term "special proceeding."[12]

Examples of special proceedings include juvenile court proceedings, probate actions, and workers' compensation

---

[8] *Fidler, supra* note 5.

[9] See, *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006); *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006).

[10] *Id.*

[11] *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 664 (2011).

[12] *Id.*; *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

cases.[13] We have held that various proceedings under chapter 29 of the Nebraska Revised Statutes constitute special proceedings affecting substantial rights. Examples of orders made in special proceedings under chapter 29 include orders overruling a motion for discharge based on a violation of speedy trial rights, orders finding a defendant not competent to stand trial, and orders on an application for writ of habeas corpus.[14]

We find that an order regarding the public disclosure of grand jury documents pursuant to § 29-1407.01(2)(b) is made during a special proceeding. The special prosecutor's motion was not itself an action. The motion was filed within a grand jury proceeding, which involves a probable cause determination and does not result in a final determination of rights between parties. Further, § 29-1407.01(2)(b) concerns the civil statutory remedy of making publicly available information regarding an in-custody death, a remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes.

[6] We note that while the special proceeding in this case was the hearing on the special prosecutor's motion, § 29-1407.01(2)(b) and its surrounding statutes do not explicitly afford a party the right to file a motion, and there is no explicit requirement that the parties be heard prior to a court's taking action to make the records public. Here, the court interpreted § 29-1407.01(2)(b) and made the grand jury transcript and exhibits publicly available on its own initiative. Thereafter, the special prosecutor filed a motion to "alter and/or amend" the court's order, the media filed a motion to release the grand jury transcript and exhibits, and one of the police officers filed a motion for a protective order and a motion to quash. Even though these motions are not explicitly authorized by statute, we find that the district court had jurisdiction over the motions and properly considered them, because the motions

---

[13] See *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007).

[14] See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

clearly pertained to the court's jurisdiction over the disclosure of grand jury records under § 29-1407.01(2)(b). A court has jurisdiction to issue orders on motions pertaining to incidental matters within the scope of the matter over which the court has jurisdiction.[15] Once the parties filed motions regarding § 29-1407.01(2)(b) which requested a civil remedy, they initiated a special proceeding.

[7] However, the fact that the order was made during a special proceeding does not end our inquiry. In a special proceeding, an order is final and appealable if it affects a substantial right of the aggrieved party.[16] The parties have not demonstrated that a substantial right has been affected under the circumstances of this case.

[8,9] Numerous factors determine whether an order affects a substantial right for purposes of appeal. The inquiry focuses on whether the right at issue is substantial and whether the court's order has a substantial impact on that right.[17] Whether an order affects a substantial right depends on ""'"whether it affects with finality the rights of the parties in the subject matter."'""[18] It also depends on whether the right could otherwise effectively be vindicated.[19] An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[20]

The special prosecutor argues the order affected the State's rights by compromising the prosecutions of the police officers. The special prosecutor argues that releasing the transcript of the grand jury proceedings undermines the testimony of the

---

[15] *Coble, supra* note 6; *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992).

[16] *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996).

[17] *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016), citing *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

[18] *Id.* at 581, 879 N.W.2d at 33, quoting *Jackson, supra* note 17.

[19] See *id*., citing *Jackson, supra* note 17.

[20] *Id.*

witnesses and could make the witnesses unwilling to testify in the future. In addition, the special prosecutor argues that release of the transcript will generate pretrial publicity that will impede the State's ability to seat an impartial jury.

There are many reasons why the special prosecutor has not shown that the order affected a substantial right of the State. First, the special prosecutor conceded that these concerns are for the Legislature to address, and not this court. Second, the rights asserted do not relate to the grand jury that is the subject of this case, but, rather, go to the question of whether a substantial right of the parties is affected in a future prosecution.[21] Third, the arguments do not account for the tailored manner in which the court allowed for public disclosure of the transcript. The order required interested members of the public to check out the materials from the clerk of court and complete their review at the court within a reasonable period of time, and the court prohibited dissemination of the materials. Fourth, there is no concrete set of facts in our record that would establish good cause to not have the information be released to the media. For example, there has been no showing that the media coverage would not be factual, as opposed to invidious or inflammatory.[22] Fifth, the State has already completed the first prosecution, which was scheduled to last twice as long as the second prosecution and therefore would involve more evidence than the second prosecution. The testimony and exhibits concerning Bearheels' death have been made public independent of the court's order.

No other party has shown that the order affected a substantial right. The media argue the substantial right at issue is the public's right to view the transcript and exhibits from the grand jury proceeding, a right expressly provided by § 29-1407.01(2)(b). However, the court's order upheld this right; the media were not aggrieved by the order. We note

---

[21] See *Fidler, supra* note 5.

[22] See *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011).

the court interpreted the phrase "available for public review" within § 29-1407.01(2)(b) to not include dissemination of the records. Assuming for the sake of argument that the court's tailored release of the records was inconsistent with § 29-1407.01(2)(b), the media did not cross-appeal from the court's order and did not show that the order interfered with the public's right to transparency. In addition, if the grand jury court failed to comply with § 29-1407.01(2)(b), an aggrieved party could seek relief through a mandamus action rather than through an appeal.

Lastly, one of the police officers who was indicted filed a motion for a protective order and a motion to quash before the grand jury court, but did not appeal from the court's order. It would seem that a defendant in a pending criminal prosecution would be the most natural party to demonstrate that the release of grand jury documents affects a substantial right. The parties noted in their arguments that § 29-1407.01(2)(b) does not affirmatively require that the records be made public prior to the conclusion of a criminal prosecution following an indictment. Therefore, where the grand jury returns a true bill and the court proceeds to make grand jury records publicly available under § 29-1407.01(2)(b), we see no reason why a party in a subsequent prosecution cannot move for a protective order. Likewise, we see no reason why a grand jury court or a trial court proceeding over the criminal prosecutions cannot consider a motion for protective order and, upon good cause shown, grant relief consistent with a party's right to a fair trial while still adhering to § 29-1407.01(2)(b).

## CONCLUSION

For the reasons stated above, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

MILLER-LERMAN, J., not participating.