FRANK DUNHAM, APPELLANT, v. JOSEPH O'GRADY, WARDEN, APPELLEE.

290 N. W. 723

FILED MARCH 8, 1940. No. 30778.

*Frank Dunham, pro se.*

*Walter R. Johnson, Attorney General,* and *George W. Ayres, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

Frank Dunham, relator, appeals from the final order entered in the district court for Lancaster county on May 9, 1939, upon his application for a writ of habeas corpus, wherein that court determined that "the relator is not unlawfully imprisoned or detained by the respondent," and denied the relief sought. Relator appeals. The correctness of the determination made is challenged on the grounds that the judgment of conviction or sentence fails to specify the offense of which the relator was convicted, or to designate when the sentence is to take effect.

Omitting formal parts, the judgment of conviction here involved is as follows:

"March 11, 1938. Defendant, Frank Dunham, was duly arraigned and entered a plea of 'Guilty.' Defendant was thereupon examined and made a full disclosure. Defendant was thereupon *ask* if he had anything to say further why sentence should not be pronounced upon him and had none.

"It is therefore considered and adjudged that defendant be confined in the Nebraska State Penitentiary at Lancaster in Lancaster county, Nebraska, at hard labor, Sundays and Holidays excepted, for a period of five (5) years, solitary confinement to be no part of this sentence. Costs taxed to defendant. E. G. Kroger, District Judge."

In support of his contentions, relator cites sections 20-1310, 29-2814 and 29-2202, Comp. St. 1929. It may be said that section 20-1310 is a provision of our Civil Code applicable to civil proceedings only, and wholly inapplicable to criminal prosecutions. Section 29-2814, as a part of the statute relating to habeas corpus, was originally enacted as a part of "An Act to Establish a Criminal Code," passed

March 4, 1873, and effective September 1, 1873. It constituted section 366 of that enactment, and by its terms its application is limited to cases where the imprisoned party is in custody, "by virtue of any warrant or commitment of any magistrate of this state having jurisdiction of such criminal matters." Section 248 of this act so passed defines "magistrate" as follows: "The term 'magistrate' in this code, when not otherwise expressly stated, is used to mean a justice of the peace, probate judge, mayor of a city, or incorporated village, or police judge." We have here presented a judgment and sentence of the district court for Hall county imposing a sentence of imprisonment in the state penitentiary for the term of five years. Section 314 of this act of 1873 limits jurisdiction of magistrates to misdemeanors "in which the fine cannot exceed one hundred dollars and the imprisonment cannot exceed three months." It is obvious, therefore, that section 29-2814, Comp. St. 1929, is wholly without application to the controversy here presented. It is ruled by section 83-935, Comp. St. 1929 (originally enacted as section 33 of chapter 75, Laws 1897), which provides: "When any convict is delivered to the warden the officer having such prisoner in charge shall deliver to the warden a certified copy of the sentence received by such officer from the clerk of the court where such convict was tried, and shall take from the warden a certificate of the delivery of such convict, and such certified copy of the sentence shall be evidence of the facts therein contained."

The certified copy of the judgment of a court of record thus constitutes the authority of the warden to retain the petitioner in the instant case. There are no specific statutory requirements as to what shall be included in the recitals of this certified copy of judgment or sentence. When it includes a statement of the nature of the imprisonment imposed and the duration thereof, it fulfills all purposes contemplated by this statute. It comes to us, as pleaded by relator in the instant case, by statute expressly made "evidence of the facts therein contained," and surrounded

by the presumption of its validity and regularity, which the allegations of relator's pleading and the issuable facts by him alleged in no manner challenge. Under these circumstances, the action of the trial court in the denial of the writ of habeas corpus was correct.

We do not overlook the claim of relator that the statutory provisions with reference to conduct of criminal trials embraced in section 29-2202, Comp. St. 1929, providing, "If the defendant have nothing to say, or if he show no good and sufficient cause why judgment should not be pronounced, the court shall proceed to pronounce judgment as provided by law," were not complied with, and that thereby and because thereof the criminal procedure followed by the trial court was wholly invalidated and the sentence imposed thereafter was likewise invalidated and nullified. It will be remembered that we are not determining these questions in a direct proceeding, but they arise only as a result of a collateral attack. It is clear that, considered as here presented, these claimed errors in no manner affect the jurisdiction of the trial court over the defendant or over the crime charged, and, therefore, the sentence imposed by the court is invulnerable to the attack as thus made. The error, if error there was, may only be redressed by a direct proceeding instituted for that purpose in a court of competent jurisdiction.

It follows that the judgment of the district court for Lancaster county is correct, and it is

AFFIRMED.