STATE OF NEBRASKA, APPELLEE, V. KATHY F. SCHLUND, APPELLANT.

542 N.W.2d 421

Filed January 26, 1996.   No. S–95–208.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Kathy F. Schlund appeals the disqualification of her attorney, the Hall County public defender. The disqualification was based upon a conflict of interest. The threshold issue in this appeal is whether an order granting a motion to disqualify a criminal defendant's court-appointed attorney is a final, appealable order. We conclude that an order disqualifying a defendant's court-appointed attorney is not a final order, and we affirm the order of the Nebraska Court of Appeals.

## FACTUAL BACKGROUND

The State of Nebraska filed two charges of child abuse against Schlund in Hall County Court on August 24, 1994. The Hall County public defender was appointed to represent Schlund. On October 13, the State filed a notice and motion notifying the court of a "possible conflict of interest" of the Hall County public defender.

The county court held a hearing on the State's motion on November 2, at which the court admitted exhibits offered by the State that disclosed the alleged conflict. The exhibits offered by the State indicated a pending criminal case against Schlund's husband, Kevin Schlund, who was represented in this case by the Hall County public defender's office. Furthermore, several exhibits recount plea negotiations between the State and Schlund. Additionally, the exhibits and the testimony at the hearing disclosed a pending juvenile case concerning Schlund's children.

The public defender offered the testimony of Schlund, who indicated that she had been advised of the possible conflict of interest in her cases and her husband's criminal cases. Additionally, Schlund explained her understanding of a conflict of interest as "mixing up the two cases" and "one [case] might get in the way of the other [case]." Schlund told the court that she understood that another attorney could be appointed, but

that she wanted to retain the Hall County public defender as her attorney despite the possible conflict of interest.

The Hall County Court disqualified the Hall County public defender. Schlund appealed to the district court for Hall County, and the district court affirmed the county court's disqualification order. Schlund further appealed to the Court of Appeals, which granted the State's motion for summary dismissal pursuant to Neb. Ct. R. of Prac. 7B(1) (rev. 1993), regarding lack of jurisdiction. The Court of Appeals sustained the motion without a written opinion.

## ASSIGNMENT OF ERROR

Schlund alleges that the Court of Appeals erred in sustaining the motion for summary dismissal because a motion to disqualify counsel is a final, appealable order, as an order affecting a substantial right in a special proceeding.

## STANDARD OF REVIEW

The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994); *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993).

## ANALYSIS

As stated, the issue in this case is whether the motion to disqualify Schlund's counsel was a final, appealable order which is sufficient to create appellate jurisdiction.

There are three types of final orders which may be reviewed on appeal. Neb. Rev. Stat. §§ 25-1902 (Reissue 1989) and 25-1911 (Cum. Supp. 1994). The three types are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *Rohde v. Farmers*

*Alliance Mut. Ins. Co., supra; Jarrett v. Eichler, supra.*

Schlund argues that a motion to disqualify counsel is a final, appealable order under § 25-1902 as an order "affecting a substantial right made in a special proceeding." Determining whether the motion is a final order thus requires a determination of whether the motion "affect[s] a substantial right."

Schlund asserts that the substantial right affected by a motion to disqualify is the right to counsel. A criminal defendant has a Sixth Amendment right to effective and conflict-free assistance of counsel. *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670 (1994). However, when counsel is court-appointed, the defendant does not have a constitutional right to counsel of his or her choice. *State v. El-Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987). As Schlund's counsel was court-appointed, the disqualification of the public defender does not affect the alleged "substantial right" to counsel.

Furthermore, under this court's previous definition of substantial right in the context of final orders, the disqualification of the public defender is not a substantial right. This court has determined that a substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Jarrett v. Eichler, supra*. The motion to disqualify affects the peripheral matter of the counsel qualified to represent the defendant, rather than affecting the subject matter of the case; thus, under the *Jarrett* definition of substantial right, the motion to disqualify is not a final order.

While this court has not previously decided whether the *Jarrett* definition of "substantial right" is the exclusive definition of the term, we need not resolve this question. The motion to disqualify concerns the defendant's choice of counsel, and this court has never recognized any right to such a choice when counsel is court-appointed. Therefore, without determining whether other rights can be substantial, we conclude that the motion to disqualify does not affect a "substantial right" of Schlund.

If a party's substantial rights are not determined by a court's

order and the cause is retained for further action, the order is not final for purposes of appeal. *Rohde v. Farmers Alliance Mut. Ins. Co., supra.* Because the motion to disqualify did not affect a "substantial right" of Schlund under this court's previous definitions, the order disqualifying the public defender is not a final order.

An appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Village of Orleans v. Dietz,* 248 Neb. 806, 539 N.W.2d 440 (1995). Thus, the Court of Appeals was correct in dismissing Schlund's appeal for lack of jurisdiction.

AFFIRMED.