IN RE ESTATE OF MARGARET WADDELL PETERS, DECEASED. JAMES L. NELSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARGARET WADDELL PETERS, DECEASED, APPELLEE, V. WILLIAM W. WADDELL II ET AL., APPELLANTS.

609 N.W. 2d 23

Filed April 7, 2000.    No. S-98-1300.

Lisa A. Liekhus and Michael E. Willet, of Willet, Liekhus & Carothers, for appellants.

Duane W. Smith, of Dalke, Smith, Harris & Nelson, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Certain heirs of the estate of Margaret Waddell Peters appeal from the county court's order which reopened the estate and reappointed the personal representative 3½ years after the court had entered an order formally closing the estate and discharging the personal representative.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999).

## FACTS

Peters died December 9, 1995, and her will was formally admitted to probate in the county court for Gage County, Nebraska, on January 9, 1996. At that time, the court determined

the heirs and appointed James L. Nelson as personal representative. The will directed that Nelson pay the debts of the estate according to law, and article III specifically devised the sum of $25,000 to the P.E.O. Foundation of Des Moines, Iowa. Pursuant to article IV of the will, that portion of the estate not otherwise effectively disposed of by will or codicil was to be divided equally among Peters' nephew, William W. Waddell II, and her nieces, Virginia Ann Sampson and Mary Josephine Wegner. If these persons did not survive Peters but left surviving offspring, the offspring were to take such share by right of representation.

Subsequently, on May 10, 1996, Nelson filed a "Formal Petition for Complete Settlement After Formal Testate Proceeding." Accompanying the formal petition was a schedule of distribution and Nelson's final report. None of these documents showed that a distribution was made to the P.E.O. Foundation.

On June 11, 1996, the county court signed a "Formal Order for Complete Settlement After Formal Testate Proceeding" which allowed the final accounting by Nelson. The order directed Nelson to deliver and distribute title and possession of the assets of the estate to the distributees in the amount and manner set forth in the schedule of distribution filed with the petition for complete settlement. The distributions previously made by Nelson and reported on the final accounting were approved and ratified by the court. Finally, the order stated that "[t]he Authority of the Personal Representative shall terminate, the Personal Representative shall be discharged from further claims or demands from interested persons, and the surety on the Personal Representative's bond, if any, shall be released when the following conditions have been met: Receipts filed with the Court."

On July 15, 1996, a decree of final discharge was entered by the county court, which found that Nelson had met all conditions set forth in the order for complete settlement. Thus, Nelson was discharged from further claim or demand of any interested persons.

On October 14, 1998, Nelson filed a "Petition for Reappointment of Personal Representative." The petition alleged that subsequent to the closing of the estate, it was discovered that the specific bequest to the P.E.O. Foundation con-

tained in article III of Peters' last will and testament had not been paid and that as a result, excess distributions were made to the residuary beneficiaries of the estate. The petition requested that Nelson be reappointed as personal representative for the purpose of collecting the excess payments and paying the specific bequest to the P.E.O. Foundation and that the inheritance tax be redetermined.

On November 17, 1998, the county court ordered the reappointment of Nelson as personal representative and directed that letters of personal representative be issued to him. The heirs objected to Nelson's reappointment, arguing that the distributions they received from the estate had previously been adjudicated. In denying this objection, the court stated:

> Well, of course, I'm not deciding today whether or not anyone is going to be ordered to pay back anything, simply whether or not the personal representative should be given an opportunity to proceed, and I am going to grant the request. Mr. Nelson is reappointed to serve as personal representative for the purposes set forth in the Application, and he'll be allowed to serve without bond.

On November 23, 1998, Nelson, as personal representative of the estate, sued Waddell, Sampson, Madeleine Jean Wegner, Peter Norbeck Wegner, and Mary Nell Wegner, as heirs and devisees of the estate. The petition alleged that the distributions made to the heirs were excess distributions in that the specific bequest to the P.E.O. Foundation had not been paid. The issues set forth in the petition are not before us in this appeal.

The heirs appealed from the order of the county court which reappointed Nelson as personal representative of the estate.

## ASSIGNMENT OF ERROR

The heirs allege, summarized and restated, that the county court erred when it reappointed the personal representative and reopened the estate for the purpose of collecting excess distributions from the heirs.

## ANALYSIS

The first issue we must consider is whether this court has jurisdiction to hear this appeal. A jurisdictional question which

does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999).

■ Neb. Rev. Stat. § 30-1601(2) (Cum. Supp. 1998), which was in effect at the time the heirs filed their notice of appeal, provided: "An appeal may be taken by any party and may also be taken by any person against whom the final judgment or final order may be made or who may be affected thereby." For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999).

■ The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. Neb. Rev. Stat. § 25-1902 (Reissue 1995); *Slaymaker v. Breyer*, 258 Neb. 942, 607 N.W.2d 506 (2000).

We have not previously addressed whether an order which reappoints a personal representative after an estate has been formally closed is a final, appealable order. In summary, the heirs contend that the reappointment of the personal representative was a special proceeding which affected their substantial rights.

■ A special proceeding entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998); *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998). In the case at bar, the action by the county court reappointing the personal representative is not a statutory remedy encompassed within chapter 25 and, thus, involves an order made during a special proceeding.

We next consider whether the order made in this special proceeding affected a substantial right. The heirs claim that the order reappointing the personal representative affected a substantial right in that the heirs are now required to defend distri-

butions which were approved 2 years earlier. They also contend that the distribution was never challenged and therefore should not be subject to collateral attack. The balance of their arguments address the merits of the petition and whether they should be required to return any alleged excess distributions.

A substantial right is an essential legal right, not a mere technical right. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a defendant, the order affects a substantial right. See *id.*

In *In re Miller Estate*, 106 Mich. App. 222, 307 N.W.2d 450 (1981), the probate court reopened an estate and appointed a personal representative several years after the probate of the estate had been completed. The issue presented was whether the order reopening the estate and appointing a successor personal representative was a final order. The Michigan Court of Appeals found that it was not and, citing *Trust Co. v. Trust Co.*, 268 Mich. 394, 256 N.W. 460 (1934), stated that the test of finality of a probate order is whether it affects with finality the rights of the parties in the subject matter. Since the order reopening the decedent's estate and appointing a successor personal representative was not dispositive of any of the rights of the parties, the court concluded that the order was not a final, appealable order.

We likewise conclude that the order reappointing Nelson as personal representative did not diminish the heirs' available claims and defenses to returning a portion of their bequests and therefore did not affect a substantial right. The heirs have not suffered a diminishment of any claim or defense as a result of the county court's order and neither is the order dispositive of any of the rights of the parties. In ruling on the petition, the court stated: "I'm not deciding today whether or not anyone is going to be ordered to pay back anything, simply whether or not the personal representative should be given an opportunity to proceed . . . ." The fact that the heirs may be forced to defend a lawsuit does not affect a substantial right.

Absent a final, appealable order, this court lacks jurisdiction to consider the appeal. Therefore, the appeal is dismissed.

APPEAL DISMISSED.