Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/27/2016 09:05 AM CDT

In re Adoption of Madysen S.
et al., minor children.
Nicole K. and William K., appellees,
v. Jeremy S., appellant.

___ N.W.2d ___

Filed May 27, 2016.    No. S-15-032.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.
4. **Judgments: Final Orders: Words and Phrases.** A judgment is the final determination of the rights of the parties in an action.
5. ____: ____: ____. A final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant.
6. **Judgments: Words and Phrases.** Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.
7. **Final Orders: Appeal and Error.** The general rule prohibiting immediate appeals from interlocutory orders seeks to avoid piecemeal appeals arising out of the same set of operative facts, chaos in trial procedure, and a succession of appeals in the same case to secure advisory opinion to govern further actions of the trial court.
8. ____: ____. There are only limited exceptions to the general rule that interlocutory orders are not immediately appealable.
9. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.
10. **Final Orders.** It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.

11. ____. Whether the effect of an order is substantial depends upon whether it affects with finality the rights of the parties in the subject matter.

12. **Final Orders: Appeal and Error.** Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.

13. ____: ____. Generally, an immediate appeal from an order is justified only if the right affected by the order would be significantly undermined or irrevocably lost by waiting to challenge the order in an appeal from the final judgment.

14. **Adoption.** The matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed.

15. **Adoption: Parent and Child: Parental Rights.** Consent of a biological parent to the termination of his or her parental rights is the foundation of our adoption statutes, and an adoption without such consent must come clearly within the exceptions contained in the statutes.

16. **Adoption: Abandonment: Parental Rights.** In an adoption proceeding, the county court does not terminate parental rights upon a finding of abandonment; the court thereby merely eliminates the need for the abandoning parent's consent and authorizes the execution of substitute consent.

17. **Adoption: Parent and Child.** A determination regarding parental consent, a finding under Neb. Rev. Stat. § 43-104(2) (Reissue 2008), or a determination regarding substitute consent does not end the court's inquiry as to whether the petition for adoption should be approved.

18. **Adoption: Final Orders.** An order in an adoption proceeding is not final if the underlying adoption is still under consideration by the county court.

19. **Minors: Adoption: Abandonment: Final Orders.** In the context of whether an order is final, a finding under Neb. Rev. Stat. § 43-104(2)(b) (Reissue 2008) in an ongoing adoption proceeding is distinguishable from an adjudication of a child as abandoned under Neb. Rev. Stat. § 43-247(3) (Supp. 2015) of the juvenile code.

20. **Standing: Jurisdiction.** As an aspect of jurisdiction and justiciability, standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf.

21. **Adoption: Standing: Parent and Child: Parental Rights.** Even after a finding of abandonment under Neb. Rev. Stat. § 43-104(2)(b) (Reissue 2008), a parent in adoption proceedings continues to have a personal stake in the outcome of the litigation and standing to contest the

pending issue of whether the adoption is in the child's best interests, because an evidentiary finding on best interests affects whether the parent retains his or her parental rights.

22. **Minors: Adoption: Abandonment: Final Orders.** Allowing interlocutory appeals from findings of abandonment under Neb. Rev. Stat. § 43-104(2)(b) (Reissue 2008) would only delay adoption proceedings, which ultimately is to the detriment of the child who is the subject of the adoption petition.

23. **Adoption: Parent and Child: Abandonment.** A finding under Neb. Rev. Stat. § 43-104(2)(b) (Reissue 2008) that the consent of the parent who has abandoned the child is not required is not a final, appealable order.

Petition for further review from the Court of Appeals, Irwin, Inbody, and Riedmann, Judges, on appeal thereto from the County Court for Lincoln County, Michael E. Piccolo, Judge. Judgment of Court of Appeals reversed, and cause remanded with directions.

Todd M. Jeffers, of Brouillette, Dugan & Troshynski, P.C., L.L.O., for appellant.

Angela M. Franz and Patrick M. Heng, of Waite, McWha & Heng, for appellees.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Wright, J.

## NATURE OF CASE

This is an appeal from an interlocutory order of the county court in a stepparent adoption proceedings finding that the natural father abandoned his children and therefore his consent to the adoption would not be required. We find that the order appealed from is not a final order, and the Nebraska Court of Appeals and this court lack jurisdiction over the appeal.

## BACKGROUND

Nicole K. and Jeremy S. were married, and three children were born of the marriage. Madysen S. was born in February

2001, Orion S. was born in January 2004, and Leo S. was born in November 2005. The family lived in Missouri.

In 2007, Madysen, who was then 6 years old, reported that Jeremy had been sexually abusing her for more than a year. Jeremy was arrested and charged with first degree statutory sodomy—deviate sexual intercourse with a person less than 14 years old and four counts of first degree child molestation.

Nicole moved with the children to Nebraska and filed for divorce. The decree of dissolution was entered in July 2007. The decree granted sole custody of the children to Nicole and stated that Jeremy "shall not have any parenting time." The court ordered Jeremy to pay $50 per month in child support.

In August 2009, pursuant to a plea agreement, Jeremy was convicted of three counts of child molestation. He was committed to a total term of 16 years' confinement in Missouri.

Nicole married William K. in 2013. In 2014, Nicole and William simultaneously filed in the county court for Lincoln County, the county where the children reside, a petition for adoption by a stepparent and a "Petition to Terminate Parental Rights" for each child. The petitions asked that the court approve the adoption of the children by William. Jeremy opposed the adoptions. He refused to voluntarily relinquish his parental rights and consent to the adoptions. The petitions asked the court to find that Jeremy had abandoned the children, as provided under Neb. Rev. Stat. § 43-104 (Reissue 2008), such that Jeremy's consent to the adoptions would not be required.

A hearing was held on the consolidated "Petition[s] to Terminate Parental Rights." Nicole testified that she allowed the children to visit their extended family on Jeremy's side, but asked Jeremy's family not to allow any contact between the children and Jeremy. Jeremy indicated that he had not seen the children since he was arrested, approximately 7 years prior to the filing of the petitions. While incarcerated, he sent the children cards and letters. He also occasionally listened over the telephone to the children talk to his family members when

they visited them. Jeremy consistently paid the $50 per month in child support ordered in the dissolution decree. The child support was paid by Jeremy's mother.

The county court issued an order on the consolidated "Petition[s] to Terminate Parental Rights." However, the court acknowledged that in adoption proceedings, it is the adoption itself which terminates the parental rights, and that until the adoption is granted, the parental rights are not terminated.[1] And a "Petition to Terminate Parental Rights," as such, is not a pleading provided for in the adoption statutes.

The county court's order found that Jeremy had abandoned his children for purposes of § 43-104. Accordingly, the court ordered that Jeremy's consent would not be required for the adoptions and that the guardian ad litem could provide all substitute consents as may be required by statute. The hearing on the adoptions was scheduled and is still pending.

In finding that Jeremy abandoned his children, the court stated that Jeremy was "unavailable to parent his children." The court noted that this unavailability was due to incarceration stemming from "his depraved choice to sexually molest his own daughter multiple times over the course of several months." The court also reasoned that Jeremy abandoned his children by virtue of the "negligible and supervised contact" with his children for the past 7 years. Jeremy had not acted as a "significant parental figure" for his children for most of their lives.

Jeremy appealed from the order finding that he abandoned his children and that his consent to the stepparent adoptions was not required. The Court of Appeals reversed.[2] The Court of Appeals explained that the only issue was whether Jeremy abandoned the children; i.e., whether he had acted in a manner evidencing a settled purpose to be rid of all parental obligations and to forgo all parental rights.

---

[1] See *In re Guardianship of Sain*, 211 Neb. 508, 319 N.W.2d 100 (1982).

[2] *In re Adoption of Madysen S. et al.*, 23 Neb. App. 351, 871 N.W.2d 265 (2015).

The Court of Appeals concluded that the record did not support a finding upon clear and convincing evidence that Jeremy had abandoned his children. It noted that although Jeremy was incarcerated, he had continually paid his child support obligation, had sent letters and cards to the children, and had adamantly refused to relinquish his parental rights.

We granted Nicole and William's petition for further review.

## ASSIGNMENT OF ERROR

Nicole and William assign on further review that the Court of Appeals erred in determining that there was insufficient evidence to support the county court's finding of abandonment.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[3]

## ANALYSIS

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[5]

[4-6] A judgment is the final determination of the rights of the parties in an action.[6] We have said that a final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant.[7] Conversely, every

---

[3] *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

[4] *Id.*

[5] *Id.*

[6] Neb. Rev. Stat. § 25-1301 (Reissue 2008).

[7] See, e.g., *Kometscher v. Wade*, 177 Neb. 299, 128 N.W.2d 781 (1964).

direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[8]

The final judgment in proceedings under an adoption petition is an order granting or denying adoption. Such a final judgment is yet to be rendered in this case. Therefore, we must determine whether the order of the county court finding that Jeremy had abandoned his children and that his consent will not be required for the adoptions under consideration is a final order.

[7,8] In general, this court prohibits immediate appeals from interlocutory orders so as to avoid piecemeal appeals arising out of the same set of operative facts, chaos in trial procedure, and a succession of appeals in the same case to secure advisory opinion to govern further actions of the trial court.[9] There are only limited exceptions to the general rule that interlocutory orders are not immediately appealable.[10] Because adoption proceedings are special proceedings,[11] the question presented is whether the order falls under the exception that it was "an order affecting a substantial right made in a special proceeding" under Neb. Rev. Stat. § 25-1902 (Reissue 2008).

[9-11] A substantial right is an essential legal right, not a mere technical right.[12] It is a right of "substance." But it is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[13] We have said that an order "affects" a substantial right if it "'affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order

[8] *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014).

[9] *State v. Jackson, supra* note 3.

[10] *Id.*

[11] *In re Adoption of Amea R.*, 282 Neb. 751, 807 N.W.2d 736 (2011).

[12] *Furstenfeld v. Pepin*, 287 Neb. 12, 840 N.W.2d 862 (2013).

[13] *State v. Jackson, supra* note 3.

from which he or she is appealing.'"[14] We have also said that "[w]hether the effect of an order is substantial depends upon 'whether it affects with finality the rights of the parties in the subject matter.'"[15]

[12,13] Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.[16] We have said that an order affects a substantial right when the right would be "'significantly undermined'"[17] or "'irrevocably lost'"[18] by postponing appellate review. The duration of the order is also relevant to whether there is substantial effect on the substantial right.[19] Generally, an immediate appeal from an order is justified only if the right affected by the order would be significantly undermined or irrevocably lost by waiting to challenge the order in an appeal from the final judgment.

Having given the parties the opportunity to respond to jurisdictional issues raised sua sponte by this court, we conclude that the order appealed in this case concerned an important right, but there is no irreparable harm caused by postponing appeal of the order until the final judgment is entered in the

---

[14] *Id.* at 914, 870 N.W.2d at 138.

[15] *Id.*, quoting *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000).

[16] See *State v. Jackson, supra* note 3. See, also, *Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); *In re Estate of Rose*, 273 Neb. 490, 730 N.W.2d 391 (2007); *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990).

[17] *State v. Jackson, supra* note 3, 291 Neb. at 914, 870 N.W.2d at 138. See, also, *State v. Bronson*, 267 Neb. 103, 672 N.W.2d 244 (2003); *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997).

[18] *State v. Jackson, supra* note 3, 291 Neb. at 914, 870 N.W.2d at 138. See, also, *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006); *State v. Wilson*, 15 Neb. App. 212, 724 N.W.2d 99 (2006).

[19] *State v. Jackson, supra* note 3. See, also, *In re Interest of T.T.*, 18 Neb. App. 176, 779 N.W.2d 602 (2009).

adoption proceedings. We reach this conclusion based on our examination of the adoption procedures, which are set forth in chapter 43, article 1, of the Nebraska Revised Statutes.

[14,15] The matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed.[20] Consent of a biological parent to the termination of his or her parental rights is the foundation of our adoption statutes, and an adoption without such consent must come clearly within the exceptions contained in the statutes.[21] As relevant to a child born in lawful wedlock, § 43-104(2) provides that consent shall not be required of any parent who (a) has relinquished the child from adoption by written instrument, (b) *has abandoned the child for at least 6 months next preceding the filing of the adoption petition*, (c) has been deprived of his or her parental rights to such child by the order of any court of competent jurisdiction, or (d) is incapable of consenting.

In addition to the consent of the biological parents, § 43-104(1) requires the consent of any district court, county court, or separate juvenile court in Nebraska having jurisdiction of the custody of the minor child by virtue of prior proceedings in those courts or by virtue of the Uniform Child Custody Jurisdiction and Enforcement Act. This includes district courts that have issued a dissolution decree concerning the minor child.[22]

[16,17] The county court does not terminate parental rights upon a finding of abandonment; the court thereby merely eliminates the need for the abandoning parent's consent and authorizes the execution of substitute consent.[23] A determination regarding parental consent, a finding under § 43-104(2), or

---

[20] *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 540 N.W.2d 554 (1995).

[21] See, *id.*; *In re Adoption of Carlson*, 137 Neb. 402, 289 N.W. 764 (1940).

[22] See *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993).

[23] See *In re Guardianship of Sain, supra* note 1.

a determination regarding substitute consent does not end the court's inquiry as to whether the petition for adoption should be approved.

Upon a hearing, if the statutory requirements are otherwise satisfied, the court may decree an adoption only after finding that such adoption is for the best interests of the child.[24] As stated, the decree granting or denying the petition for adoption after such a determination of the child's best interests is the final judgment and is, therefore, appealable.

In *Klein v. Klein*,[25] we held that an order of a district court having continuing jurisdiction over the child pursuant to a dissolution decree and granting consent to an adoption was not a final, appealable order. We reasoned that the order of consent to adoption did not resolve the issue of adoption and only meant that the parent would have to defend against the petition for adoption in county court.[26] We explained that the parent could wait to appeal from the final judgment, which would be the order of adoption.[27]

[18] *Klein* dealt with a district court's order consenting to an adoption, and not a county court's order determining as a preliminary matter that a parent's consent in the pending adoption proceedings was unnecessary due to abandonment and that substitute consent would therefore be required. But our implicit reasoning in *Klein* that a parent could effectively vindicate his or her rights by waiting until an appeal from the final judgment of adoption supports the broad proposition that an order in an adoption proceeding is not final if the underlying adoption is still under consideration by the county court. Because the underlying adoption is still under consideration upon an interlocutory finding of abandonment, such interlocutory finding is not immediately appealable.

---

[24] See Neb. Rev. Stat. § 43-109 (Cum. Supp. 2014).

[25] *Klein v. Klein*, 230 Neb. 385, 431 N.W.2d 646 (1988).

[26] See *id.*

[27] See *id.*

Abandonment for purposes of adoption is not always determined in proceedings separate from the underlying adoption and set forth by an order separate from a final judgment, as it was in the case at bar. Certainly nothing in the adoption statutes requires bifurcated proceedings.

[19] We have specifically stated in a different context that the relationship between abandonment and termination of parental rights in adoption proceedings is different from the relationship between abandonment and termination of parental rights in proceedings under the juvenile code.[28] We conclude that, in the context of whether an order is final, a finding under § 43-104(2)(b) in an ongoing adoption proceeding is distinguishable from an adjudication of a child as abandoned under Neb. Rev. Stat. § 43-247(3) (Supp. 2015) of the juvenile code.

Unlike a finding under § 43-104(2)(b), adjudication under the juvenile code ends a discreet phase of inherently multifaceted proceedings in the juvenile court.[29] Furthermore, unlike a finding of abandonment in adoption proceedings, statutory procedures surrounding adjudication in juvenile court oftentimes result in an immediate and real effect on parenting time that would be irrevocably lost by postponing appellate review.[30] Jeremy fails to illustrate how a finding of abandonment in adoption proceedings, in contrast, has any real and immediate effect on parental obligations, visitation, custody, or other matters pertaining to the parent's contact with the child during the pendency of the final judgment granting or denying the petition for adoption. It does not follow that because orders of adjudication and disposition

---

[28] See *In re Guardianship of Sain, supra* note 1.

[29] John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001).

[30] See, *In re Guardianship of Sain, supra* note 1; Neb. Rev. Stat. § 43-245 (Supp. 2015).

under the juvenile code are immediately appealable,[31] all orders determining abandonment under § 43-104(2)(b) are likewise immediately appealable before rendition of the final judgment.

Parental rights are not terminated by an order deciding the limited issue of abandonment under § 43-104(2)(b). Since the parent, despite a finding of abandonment under § 43-104(2)(b), retains parental rights until the final judgment denying or granting the petition for adoption, the parent may still participate in the proceedings to present evidence that adoption is not in the child's best interests. Ultimately, if the county court finds that the adoption is not in the child's best interests, then the rights of the parent, who was deemed under § 43-104(2)(b) to have abandoned the child, are returned to the status quo.

Jeremy does not adequately explain how his parental rights would be significantly lost or undermined by postponing appellate review of a determination of abandonment under § 43-104(2)(b) until the final judgment has been entered in the adoption proceedings. We are unconvinced that such finding results in a substantial effect on an important right, which cannot be adequately vindicated on appeal from the final judgment in the adoption proceedings. Thus, there is no justification for an immediate and piecemeal appeal from the important, but ultimately preliminary, matter of abandonment, which requires appointment of a guardian ad litem in order to obtain the necessary substitute consent.

Granted, if the county court later determines the adoption is in the child's best interests, the finding of abandonment proves significant. But the adoption itself and the concurrent termination of parental rights does not take effect while an appeal from the final judgment granting the adoption is pending. No significantly greater harm to the parent or child results

---

[31] See, e.g., *In re Interest of V.T. and L.T.*, 220 Neb. 256, 369 N.W.2d 94 (1985).

from an erroneous determination of abandonment if reversed in an appeal after the final judgment as opposed to being reversed in an immediate appeal from the interlocutory order finding abandonment. In other words, the rights at issue in an interlocutory determination of abandonment under § 43-104(2)(b) can be adequately vindicated through an appeal of the final judgment granting or denying the adoption.

Although we held in *In re Adoption of David C.*[32] that a finding of abandonment in bifurcated adoption proceedings is a final, appealable order, we did so under the finding that abandonment by the putative biological father terminates the parental relationship. We did not consider our case law establishing that it is the adoption, not the finding of abandonment under § 43-104(2)(b), that terminates parental rights. Nor did we consider whether parental rights could be terminated before conducting a best interests analysis. By failing to consider the fact that the parent retained parental rights even after a finding of abandonment under § 43-104(2)(b), we incorrectly surmised, "An order of abandonment disturbs the parent's relationship with the child forever because the parent no longer has any right to be a part of the adoption proceedings. Once the relationship is terminated, the parent has no standing to object to the adoption."[33]

[20,21] Standing refers to whether a party had, at the commencement of the litigation, a personal stake in the outcome of the litigation that would warrant a court's or tribunal's exercising its jurisdiction and remedial powers on the party's behalf.[34] As an aspect of jurisdiction and justiciability, standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the

---

[32] *In re Adoption of David C.*, 280 Neb. 719, 790 N.W.2d 205 (2010).

[33] *Id*. at 723-24, 790 N.W.2d at 209.

[34] *Field Club v. Zoning Bd. of Appeals of Omaha*, 283 Neb. 847, 814 N.W.2d 102 (2012).

litigant's behalf.[35] Even after a finding of abandonment under
§ 43-104(2)(b), a parent in adoption proceedings continues
to have a personal stake in the outcome of the litigation and
standing to contest the pending issue of whether the adoption
is in the child's best interests, because an evidentiary finding
on best interests affects whether the parent retains his or her
parental rights.[36]

A somewhat similar situation was recently presented in *In
re Adoption of Douglas*,[37] wherein the Massachusetts Supreme
Judicial Court explained that until parental rights have been
terminated by entry of a decree, parents have the right to par-
ticipate in the proceedings, including the "best interests" hear-
ing. The court explained that deferring the entry of a termina-
tion decree until after completion of a best interests hearing on
issues such as adoption and visitation permits the proceedings
to be expedited, while preserving a parent's right to participate
in the hearing and maintaining the parent's standing to chal-
lenge the resulting adoption or similar order on appeal.[38]

[22] There are only limited exceptions to the general rule
prohibiting immediate appeals from orders that fail to finally
determine the rights of the parties in the action. The general
rule prohibiting interlocutory appeals is based in significant
part upon the fact that immediate appeals from interlocutory
orders unnecessarily prolong the ultimate resolution of the
case. Allowing interlocutory appeals from findings of abandon-
ment under § 43-104(2)(b) would only delay adoption proceed-
ings, which ultimately is to the detriment of the child who is
the subject of the adoption petition.

[23] To the extent that *In re Adoption of David C.* recognized
jurisdiction over an interlocutory appeal of an abandonment

---

[35] *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

[36] See *In re Guardianship of Sain, supra* note 1. See, also, e.g., *In re L. Y. L.*,
101 Cal. App. 4th 942, 124 Cal. Rptr. 2d 688 (2002).

[37] *In re Adoption of Douglas*, 473 Mass. 1024, 45 N.E.3d 595 (2016).

[38] *Id.*

determination under § 43-104(2)(b), we overrule that decision.[39] We also disapprove of *In re Guardianship of T.C.W.*[40] to the extent that, by entertaining an appeal from the district court that had reviewed an order finding abandonment before finally determining the adoption petition, we implicitly held the interlocutory order was a final, appealable order. We expressly hold that a finding under § 43-104(2)(b) that the consent of the parent who has abandoned the child is not required is not a final, appealable order. Such an order does not finally decide the rights of the parent. It is the decree of adoption that finally decides the rights of the parent in such circumstances.

Accordingly, we hold that the order of the county court finding that Jeremy had abandoned his children and that his consent to the adoptions was not required was not a final, appealable order. The current appeal must be dismissed for lack of jurisdiction.

## CONCLUSION

The county court's order finding, under § 43-104(2)(b), that Jeremy's consent would not be required for the adoptions under consideration does not fall under one of the limited exceptions to the general rule that interlocutory orders are not immediately appealable. We conclude our finding will ultimately reduce any delay in adoption proceedings. Because the order appealed from was not a final order, we, as did the Court of Appeals, lack jurisdiction over this appeal. We reverse the order of the Court of Appeals and remand the cause with directions to vacate its opinion and dismiss the appeal for lack of jurisdiction.

Reversed and remanded with directions.

---

[39] See *In re Adoption of David C., supra* note 32.

[40] *In re Guardianship of T.C.W.*, 235 Neb. 716, 457 N.W.2d 282 (1990).